**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT FITZMAURICE,<br><br>Defendant. | : | 05 486 T<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

As and for its complaint against Defendant Scott Fitzmaurice ("Fitzmaurice"), Penn-America Insurance Company ("Penn-America") alleges as follows:

**PARTIES**

1. Penn-America is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business in Hatboro, Pennsylvania.

2. Fitzmaurice is an individual who resides in Bourne, Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.

4. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district, the property that is the subject of the action is situated in this district and the defendant is presently subject to personal jurisdiction in this district.

## FACTS

5. In or about late 2002, Fitzmaurice acquired an interest in certain real property located at 1 Brighton Street, Providence, Rhode Island (the "Property").

6. The Property is laid out and designated as Lot No. 1 on that plat entitled "Map of the Lucy Hold Estate by J.A. Latham, May 1896," which plat is recorded in the office of the Recorded of Deeds in the City of Providence, a copy thereof being on Plat Card 717.

7. In July 2004, Fitzmaurice applied for commercial general liability and commercial property insurance with respect to the Property.

8. In the course of applying for commercial general liability and commercial property insurance with respect to the Property, Mr. Fitzmaurice provided certain information to potential insurers.

9. Among the information provided by Fitzmaurice to the insurance broker, an insurance underwriter and to potential insurers in his application for commercial general liability and commercial property insurance in July 2004 was Fitzmaurice's assurance that the Property met a set of conditions called "Fixed Qualifiers"

10. Among the "Fixed Qualifiers" that Fitzmaurice represented to the insurance broker, an insurance underwriter and to potential insurers in his application for insurance was the fact that there were no renovations taking place at the Property in excess of $15,000.

11. At the time Fitzmaurice made such representation, there were renovations taking place at the Property in excess of $15,000. This representation was material to

Penn-America's decision as to whether or not to offer insurance to Fitzmaurice and as to the terms of any insurance that it may be willing to offer.

12. Fitzmaurice made other material representations in his application for insurance that were not accurate, including the fact that the Property was 100% occupied and that he was the listed owner of the Property.

13. In his application Fitzmaurice also failed to disclose the existence of a prior loss at another property he owned in response to a question that specifically requested prior loss history. This omission was material to Penn-America's decision as to whether or not to offer insurance to Fitzmaurice and as to the terms of any insurance that it may be willing to offer.

14. In reliance on the representations made by Fitzmaurice in his application for commercial general liability and commercial property insurance in July 2004, Penn-America issued policy number PAC6408923 to Fitzmaurice (the "Policy").

15. If Penn-America had been made aware of the truth regarding either the amount of renovations, the occupancy, the nominal ownership of the Property or Fitzmaurice's prior loss history it would not have issued the Policy.

16. The Common Policy Conditions of the Policy contains a provision that permits Penn-America to cancel the Policy for certain reasons, including, but not limited to:

- Fraud or material misrepresentation made by [Fitzmaurice] or with [his] knowledge in obtaining the policy, continuing the policy, or in presenting a claim under the policy;
- Activities or omissions on [Fitzmaurice's] part which increase any hazard insured against, including a failure to comply with loss control recommendations;

- Violation or breach by [Fitzmaurice] of any policy terms or conditions.

17. The Commercial Property Conditions of the Policy contains a provision that states:

> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This Coverage Part;
> 2. The Covered Property;
> 3. Your interest in the Covered Property; or
> 4. A claim under this Coverage Part.

18. The Policy further excludes coverage for losses resulting from faulty, inadequate or defective:

> 1) Planning, zoning, development, surveying, siting;
>
> 2) Design specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> 3) Material used in repair, construction, renovation or remodeling; or
>
> 4) Maintenance.

19. In or about August 2004, Fitzmaurice made a claim for coverage under the policy as a result of certain losses he allegedly sustained from water that infiltrated the Property when a construction contractor who was installing a new roof at the Property failed to provide adequate weather protection (the "Claim for Coverage").

20. Upon receipt of Fitzmaurice's Claim for Coverage, Penn-America began an investigation of the Claim for Coverage.

21. Although Penn-America's investigation was hampered by a lack of cooperation by Fitzmaurice, Penn-America did become aware that the misrepresentations and omissions made by Fitzmaurice in his application for insurance.

22. Accordingly, on or about March 18, 2005, Penn-America rescinded the Policy and refunded the premium paid by Fitzmaurice on the Policy.

23. Fitzmaurice disputes the rescission and continues to claim coverage under the Policy. He has threatened to bring litigation against Penn-America to address this dispute.

**REQUEST FOR DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

24. Penn-America repeats and realleges the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25. There exists an actual controversy between Penn-America and Fitzmaurice as to their respective rights and obligations under the Policy.

26. Penn-America seeks a judicial determination of its rights and obligations to Fitzmaurice under the Policy.

WHEREFORE, Penn-America respectfully requests that this Court enter judgment on its behalf against Defendant Scott Fitzmaurice and award it the following relief:

A. a declaration that the Policy is void *ab initio* as a result of Fitzmaurice's misrepresentations and omissions at the time of application;

B. alternatively, a declaration that Fitzmaurice is not entitled to coverage under the terms of the Policy in connection with the claim made by Fitzmaurice for water infiltration damage at the Property in or about August 2004;

C. costs, interest, expenses and attorneys' fees; and

D. such other and further relief as the Court may deem just and proper.

Dated: November 21, 2005
Providence, Rhode Island

PENN-AMERICA INSURANCE COMPANY,
By its Attorneys,

Geoffrey W. Millsom
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604

Of counsel:

William F. Burke
ADLER POLLOCK & SHEEHAN P.C.
175 Federal St., 10th Floor
Boston, MA 02110
Tel: (617) 482-0600
Fax: (617) 482-0604

*359513_1.doc*